```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JOHN HALPA,
                                           CV 15-02175
                      Plaintiff,           (DRH)(GRB)

         -against-                         ORDER TO SHOW
                                           CAUSE
COUNTY OF SUFFOLK and POLICE OFFICER
SEAN HANLEY,

                      Defendants.
------------------------------------------X
```

Upon the affirmation of ROGER M. KUNKIS, ESQ., dated October 17, 2017, and upon all of the pleadings and proceedings heretofore had herein, and sufficient reason appearing therefore, it is ORDERED that plaintiff, JOHN HALPA, show cause before This Court, at Room            , United States Courthouse 100 Federal Plaza, Central Islip, NY 11722, on            , 2017, at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, why an Order should not be issued granting leave to BAUMAN & KUNKIS, P.C. to withdraw as attorneys for JOHN HALPA; staying all proceedings in the above matter for a period of time sufficient for the plaintiff to obtain new counsel; and for such other and further relief as to this Court may seem just and proper; and it is further ORDERED that a copy of this Order and the papers

upon which it is based be personally served upon the plaintiff and by mail upon the attorneys for defendants, on or before _____ day of October, 2017, and that such service be deemed good and sufficient.

Dated: _____, New York
       _____, 2017

                                        _____
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JOHN HALPA,

                                 Plaintiff,      CV 15-02175
                                                       (DRH)(GRB)

            -against-                    **AFFIRMATION**

COUNTY OF SUFFOLK and POLICE OFFICER
SEAN HANLEY,

                                 Defendants.

------------------------------------------X

       ROGER M. KUNKIS, an attorney duly admitted to practice in the Courts of this State, affirms the following under all the penalties of perjury:

       1. I am a member of the firm of BAUMAN & KUNKIS, P.C., attorneys for plaintiff, JOHN HALPA, and make this affirmation in support of the relief requested in the annexed Order to Show Cause.

       2. I am fully familiar with all of the facts and circumstances of this action.

       3. This affirmation is submitted in support of your affirmant's application permitting your affirmant's firm to withdraw as attorneys and be relieved of all further responsibility to JOHN HALPA.

4. On or about March 23, 2015, JOHN HALPA retained your affirmant's firm to prosecute an action as a result of assault, negligence, false arrest and imprisonment, and violation of civil rights. A copy of the retainer agreement is annexed hereto as Exhibit "A".

5. Suit was commenced in the United States District Court, Eastern District of New York; issue was joined; discovery was undertaken and all depositions were completed.

6. Your affirmant's file reflects reasons which are the basis for this Order to Show Cause, which your affirmant would be willing to discuss with This Honorable Court so as not to prejudice the plaintiff should he decide to continue this action. However, our decision to be relieved as attorneys is consistent with all ethical considerations pursuant to which all attorneys must comport themselves.

7. Further, in order not to prejudice the plaintiff in the prosecution of his action, it is respectfully requested that the Court also stay all proceedings in this case for a period of at least 90 days to enable the plaintiff to procure new counsel.

8. No application for this or similar relief has been made to any Court or Judge.

WHEREFORE, your affirmant prays for an Order granting leave to Bauman & Kunkis, P.C. to withdraw as attorneys for plaintiff; staying the action for at least 90 days to enable the plaintiff to procure new counsel; together with such other and further relief as to this Court may seem just and proper.

Dated:  New York, New York
        October 17, 2017

_____
ROGER M. KUNKIS

**EXHIBIT "A"**

T 540—Contingent retainer—straight 33⅓ percent–
1st and 2nd Dept., App. Div. 3-14.

© 2014 **Blumberg**Excelsior, Inc., Publisher, NYC 11241
www.blumberg.com

To **BAUMAN & KUNKIS, P.C.**
**14 PENN PLAZA, SUITE 2208**
**NEW YORK, NY 10122**

# Retainer

, Attorney

The undersigned, Client, residing at 175 WEST Shore Drive, Massapequa, N.Y. hereby retains you to prosecute or adjust a claim for damages arising from— Assault etc. personal injuries sustained by John Halpa

loss of services of

property damage to

on April 23, 2014 through the negligence of Third parties

or other persons.

The Client hereby gives you the exclusive right to take all legal steps to enforce this claim through trial and appeal. The attorney shall have the right but not the obligation to represent the client on appeal.

In consideration of the services rendered and to be rendered by you, the Client agrees to pay you and you are authorized to retain out of any moneys that may come into your hand by reason of the above claim:

Thirty three and one-third percent (33⅓%) of the sum recovered, whether recovered by suit, settlement or otherwise.

Such percentage shall be computed:

☐ on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers. (Client will be billed for all expenses and disbursements as they occur. These will then be deducted from the amount of recovery before the attorney's fee is calculated.)

☐ on the gross sum recovered before deducting expenses and disbursements. The attorney has agreed to pay costs and expenses of the action pursuant to Judiciary Law § 488(2)(d) on the gross sum recovered before deducting expenses and disbursements. (This will result in a higher fee for the attorney, but all expenses and disbursements will be deducted from client's recovery.)

In either case, there shall be no deduction in computing such percentages for the followiing items: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

If the cause of action is settled by Client without the consent of Attorney, Client agrees to pay Attorney the above percentage of the full amount of the settlement for the benefit of Client, to whomever paid or whatever called. The attorney shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determind by the court. In such circumstances the court would determine the fair value of the service. Attorney shall have, in addition, Attorney's taxable costs and disbursements. In the event the Client is represented on appeal by another attorney, Attorney shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court.

Dated..................................

Client
..................John Halpa.................. (L.S.)
Print name

Witness..................................
Print name

.................................................. (L.S.)
Print name