UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN HALPA,

                        Plaintiff,                **MEMORANDUM AND ORDER**

 - against -                                          2:15-cv-2175 (DRH) (ARL)

COUNTY OF SUFFOLK and
POLICE OFFICER SEAN HANLEY,

                       Defendants.
----------------------------------------------------------------X

**APPEARANCES**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, NY 11550
By:    Frederick K. Brewington, Esq.

**SUFFOLK COUNTY ATTORNEY**
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
By:    Arlene S. Zwilling., Esq.

**HURLEY, Senior District Judge:**

### INTRODUCTION

Presently before the Court is Defendants County of Suffolk and Suffolk County Police Officer Sean Hanley's motion to amend the Joint Pretrial Order, pursuant to Federal Rule of Civil Procedure 16(e), seeking to add Dr. David J. Weissberg, M.D., the orthopedist who performed an Independent Medical Examination ("IME") on Plaintiff John Halpa, to their expert witness list. For the reasons stated below, Defendants' motion is GRANTED.

Page **1** of **13**

## BACKGROUND

The Court assumes familiarity with the underlying dispute and provides only the relevant history necessary to orient the reader.

On April 16, 2015, Plaintiff commenced this action, alleging Defendants used unlawful and excessive force during his arrest on April 23, 2014. (Compl. ¶ 8 [DE 1]). He claims physical injuries to, *inter alia*, his left shoulder and left arm. (*Id.* ¶¶ 8–9, 12, 22). His injuries allegedly necessitated two surgeries: the first occurring October 1, 2015 to repair his left triceps tendon; the second on March 3, 2016 to remediate his left shoulder condition. (Exs. D, E [DE 52-4] to Pl. Opp. [DE 52-1]). Plaintiff's responses, dated November 17, 2015 and May 20, 2016, to Defendants' interrogatories disclosed these surgeries. (*See* Ex. K [DE 52-5] to Decl. of Frederick K. Brewington ("Brewington Decl.") [DE 52-2]). Yet according to Defendants, they learned Plaintiff underwent "not one, but two surgeries" only after the April 26, 2019 discovery deadline—specifically at a deposition held June 7, 2019. (Declaration of Arlene S. Zwilling ¶ 17 ("Zwilling Decl.") [DE 48-1]; *see* Mar. 29, 2019 Docket Entry).

Defendants wrote to Plaintiff on June 11, 2019 asking if he claimed "permanent injury so that [they] can determine if an IME is appropriate."[1] (Zwilling Decl. ¶ 18; Ex. E to Zwilling Decl. [DE 48-6]). "Plaintiff did not respond to this inquiry," (Zwilling Decl. ¶ 19), and in his opposition brief contends, "Defendants were

---

[1] Defendants' letter, filed as Exhibit E to the Zwilling Declaration, demonstrates the request came on "June 11, 2019" and not "June 11, 2020" as recited in the Zwilling Declaration.

Page **2** of **13**

given clear notice" from the outset "that [his] medical condition was always central to [his] claims." (Pl. Opp. at 6).

The parties filed a proposed Joint Pretrial Order ("JPTO") on September 13, 2019, which did not list certain treating physicians as Plaintiff witnesses, did not include those physicians' records as trial exhibits, and did not disclose any expert witnesses for the Defense. [DE 33]. Plaintiff asserts the first two omissions were "inadvertent[]" and sought to correct them in November with Defendants' consent. (Pl. Opp. at 14; Ex. F to Zwilling Decl. [DE 48-7]). The request prompted Defendants to reiterate their interest in an IME, provoking Plaintiff's objection and the instant dispute. (*Id.*; Ex. L to Pl. Opp.).

Though the Court held the Final Pretrial Conference on February 7, 2020, (Feb. 7, 2020 Docket Entry), it first learned of the JPTO issues at a settlement conference held March 25, 2020, (*see* Mar. 25, 2020 Docket Entry). In September, the Court held:

> Plaintiff is permitted to amend the pre-trial order to add as witnesses the treating doctors identified during discovery. Defendants may conduct an IME of the plaintiff, which IME must be completed by October 28, 2020. To the extent defendants wish to add the IME doctor to the pre-trial order as an expert witness, they must file a motion seeking that relief by November 5, 2020 . . . .

(Sept. 22, 2020 Docket Entry). Plaintiff amended the JPTO on October 2, 2020, adding his treating doctors—including the surgeon in both procedures—to his witness list and the corresponding medical records to his exhibit list. ([DE 44]; Ex. B to Zwilling Decl. [DE 48-3]).

Dr. David J. Weissberg, M.D. performed Plaintiff's IME on October 13, 2020. (Ex. H to Zwilling Decl. [DE 48-9]). Defendants' counsel avers that she shared Dr. Weissberg's report the next day, October 14, 2020 (Zwilling Decl. ¶ 33), but Plaintiff asserts he first received the report on December 3, (Pl. Opp. at 8). Following an extension to the filing deadline, Defendants moved to amend the JPTO on December 29, 2020. [DE 48].

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(e) permits a court to "modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). While pretrial orders are "not [to] be changed lightly," "total inflexibility is undesirable," Fed. R. Civ. P. 16(e) advisory committee's note to 1983 amendment, and a pretrial order is not "a legal 'strait-jacket' binding the parties and court to an unwavering course at trial," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003) (quoting *Napolitano v. Compania Sud Americana De Vapores*, 421 F.2d 382, 386 (2d Cir. 1970)). In that respect, "modifications should not be allowed that would seriously prejudice one of the parties." *McFadden v. Sanchez*, 710 F.2d 907, 911 (2d Cir. 1983). But otherwise a district court has "significant discretion" to modify pretrial orders to "'insure the efficient resolution of trial and, most importantly, minimize prejudicial surprise.'" *Katt v. City of New York*, 151 F. Supp. 2d 313, 346 (S.D.N.Y. 2001) (Lynch, J.) (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 526 (2d Cir. 1989)).

The following factors are considered in determining whether to permit a party to amend the final pretrial order: "(1) the prejudice or surprise in fact to the opposing

party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result." *Potthast v. Metro-N. R.R. Co.*, 400 F.3d 143, 153 (2d Cir. 2005) (quoting *Rapco, Inc. v. Comm'r*, 85 F.3d 950, 953 (2d Cir. 1996)). Timing is relevant too, *i.e.*, "whether the amendment is sought in the midst of trial or on the eve of trial" and whether "the evidence or issue was within the knowledge of the party seeking modification at the time of the [final pretrial] conference." *Eberle v. Town of Southampton*, 305 F.R.D. 32, 35 (E.D.N.Y. 2015) (quoting *Potthast*, 400 F.3d at 153, and *Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc.*, 1992 WL 47372, at *1 (S.D.N.Y. Mar. 4, 1992)).

## DISCUSSION

Before addressing the merits of Defendants' motion, the Court must clarify why Federal Rule of Civil Procedure ("Rule") 16(e) supplies the legal standard and not the Rules Plaintiff invokes in opposing Defendants' request.

### I. Rule 16(b), Rule 16(e), and Rule 37(c)

Defendants' motion comes pursuant to Rule 16(e), seeking to modify the current JPTO, a final pretrial order. *See generally* Def. Mem.; Fed. R. Civ. P. 16(e). Plaintiff's opposition, however, relies on Rule 16(b)—concerning amendments to scheduling orders—and Rules 37(b) and (c)—concerning motions to preclude

witnesses as a sanction for a party's failure to comply with its Rule 26 obligations. *See* Pl. Opp. at 9–11.[2]

Defendants construe Plaintiff's opposition as a "request for affirmative relief" out of compliance with Local Rule 7.1 and submitted without a formal cross-motion. Def. Reply at 1. True, Plaintiff asks the Court to impose a "sanction . . . preclud[ing] Defendants from offering any medical testimony during trial" under Rule 37, which entails relief distinct from that which Defendants requested. *Id.* at 10, 17. The point is somewhat academic, however. Should the Court deny Defendants' motion, they would be unable to call an expert witness at trial, as none is (nor would be) listed on the JPTO. *See* Fed. R. Civ. P. 16(d), (e) (stating that final pretrial order "controls the course of the action" by "formulat[ing] a trial plan . . . to facilitate the admission of evidence."). Plaintiff would have no need for an order of preclusion. That is, "[d]enial of the [Defendants'] motion would . . . suffice[] to give [Plaintiff] all the relief [he] could achieve through [his] cross-motion," were the Court to view his opposition as such. *Cf. R & Q Reinsurance Co. v. Allianz Ins. Co.*, 2015 WL 1279464, at *2 (S.D.N.Y. Mar. 20, 2015) (quoting *Morgan v. Nikko Sec. Co. Int'l, Inc.*, 691 F. Supp. 792, 799 (S.D.N.Y. 1988)).

But though it would reach the same end, the means by which the Court would get there—viz. the legal standard—differ in important ways. For example, Rule 16(e)

---

[2] Defendants assert that Plaintiff also invokes the Rule 15(a) standard, Def. Reply at 1–2, but the Court disagrees. Rule 15(a)'s standard is mentioned once, in a parenthetical, to contrast with Rule 16(b)'s. Pl. Opp. at 10 (citing *Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009)).

is motivated by a desire to avoid "manifest injustice," but Rule 16(b) looks for "good cause" and Rule 37(c) depends on the absence of a "substantially justified" or "harmless" failure to disclose. Fed. R. Civ. P. 16(b), 16(e), 37(c)(1).

The Court holds that Rule 16(b), which applies to "scheduling order[s]," is inapplicable. The JPTO is not itself a scheduling order. Though the scheduling orders on the docket set a deadline to file the JPTO, none imposes a deadline to amend or to seek leave to amend it – save for the order granting leave to file the motion at bar. *See, e.g.*, [DE 11]; Sept. 3, 2019 Docket Entry; *see also* Sept. 22, 2020 Docket Entry (reflecting each party's application for leave to amend the JPTO). And to that end, Defendants are not seeking to amend a deadline set by a scheduling order; in other words, they are *not* seeking leave to move to amend the JPTO. *See* Def. Mem. at 5. The Court expressly granted such leave at the September 22, 2020 conference: "To the extent defendants wish to add the IME doctor to the pre-trial order as an expert witness, they must file a motion seeking that relief by November 5, 2020." Sept. 22, 2020 Docket Entry. So while a trial court, "[i]n considering whether to allow defendants to amend the JPTO at this late date to add new witnesses, . . . 'ought to look to Rule 16(b) for the controlling standard for when a proposed pretrial order may be amended,'" that question—*when* to permit amendment—already has been answered in the affirmative. *Demirovic v. Ortega*, 2017 WL 4621089, at *9 (E.D.N.Y. Oct. 13, 2017) (Pollak, Mag. J.) (quoting *Henry v. Dep't of Transp.*, 69 Fed. App'x. 478, 481 (2d Cir. 2003)), *aff'd*, 771 Fed. App'x 111 (2d Cir. 2019). Accordingly, Rule 16(b)'s considerations are not at play here.

Rule 37 is similarly inapplicable. As a preliminary matter, it is not clear that Defendants have run afoul of their Rule 26(a) obligations, a necessary condition to trigger Rule 37. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . ."). On the one hand, Defendants did not disclose Dr. Weissberg before the close of expert discovery, which Plaintiff recognizes as a violation of a court order justifying a sanction of preclusion. *See* Pl. Opp. at 8, 15. On the other hand, Defendants retained Dr. Weissberg after the Court granted leave to conduct Plaintiff's IME, *i.e.*, after September 22, 2020, meaning he was not an expert subject to disclosure during discovery. *See* Zwilling Decl. ¶ 29. And a court order granting Defendants' motion here would authorize their post-discovery expert disclosure and cure any impropriety. Fed. R. Civ. P. Rule 26(a)(2)(D) ("A party must [disclose expert testimony] at the times and in the sequence that the court orders."). Indeed, Rule 26(a)(2)(D)(i) continues, "Absent . . . a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial" – no trial date for this case is set, nor expected to be set, in the coming months as a result of the COVID-19 pandemic.

But assuming *arguendo* Rule 37 could apply, the Court would not reach a different outcome. Although Rule 37 empowers a court to preclude expert witness testimony in the absence of a "substantially justified" and "harmless" failure, Fed. R. Civ. P. 37(c)(1), it does not mandate "preclusion . . . even where the district court finds no substantial justification and the failure to disclose is not harmless," *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 471 (S.D.N.Y. 2016) (citing *Design*

*Strategy, Inc. v. Davis*, 469 F.3d 284, 296–97 (2d Cir. 2006)). "[P]reclusion of evidence" under Rule 37 is a "harsh remed[y] and should be imposed only in rare situations." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *e.g.*, *Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*, 792 Fed. App'x 126, 128 (2d Cir. 2020); *Farb v. Baldwin Union Free Sch. Dist.*, 2008 WL 11435584, at *1 (E.D.N.Y. Jan. 14, 2008) ("[P]reclusion is a severe sanction that is rarely granted . . . ."). The Court notes that the considerations most crucial in Rule 37 liken to those in Rule 16(e)—*e.g.*, prejudice, the "possibility of a continuance" versus "the extent of disruption," and the "explanation for the failure to comply" versus the "the bad faith or willfulness of the non-compliant party." *Compare Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)) (Rule 37 standard), *with Potthast*, 400 F.3d at 153 (Rule 16(e) standard). For the reasons the Rule 16(e) analysis below justifies amendment to the JPTO, the Court finds that a Rule 37 analysis would counsel against imposing a sanction of preclusion. *E.g.*, *Ridgeview Partners, LLC v. Entwistle*, 354 F. Supp. 2d 395, 403–04 (S.D.N.Y. 2005) ("RidgeView first disclosed the names of its expert witnesses in the joint pre-trial order in an untimely manner. The trial was not held. At this point, no trial is currently scheduled. The requirement of disclosure within the time framework of Rule 26(a)(2)(C) is conditioned on the trial going forward. Because the trial did not take place 90 days later or on any day after that, the Defendants were not harmed by RidgeView's failure. If RidgeView maintains the same witnesses for a future trial,

then Defendants have had ample time to prepare rebuttal witnesses. Finding RidgeView's failure to disclose its expert witness list according to Rule 26(a)(2)(C) meets the harmless exception under Rule 37(c)(1), Defendants' motion in limine to preclude expert testimony and expert evidence is denied.").

## II. Amendment to the JPTO

The Court, in evaluating the circumstances under the Rule 16(e) factors, grants Defendants' request to amend the JPTO. The Court finds little "prejudice or surprise in fact to" Plaintiff. Plaintiff has known of Defendants' intention to obtain an IME since June 2019, two months after discovery closed and days after a deposition was taken. Zwilling Decl. ¶ 18; Ex. E. to Zwilling Decl. Yet Plaintiff waited until the February 7, 2020 Final Pretrial Conference to address the issue directly, despite Defendants repeating their request in November. Zwilling Decl. ¶ 19; Ex. F to Zwilling Decl.; *see Mandarino v. Mandarino*, 408 Fed. App'x 428, 432 (2d Cir. 2011) (finding appellants were not "prejudiced by the court's decision to permit" amendment of final pretrial order to add witnesses because there is "no evidence in the record that [a]ppellant lacked notice of the testimony" and "[t]his [was] not a case in which [a]ppellant was presented with proposed defense witnesses on the eve of trial"); *Rojo v. Deutsche Bank*, 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009) ("Rojo has known about these witnesses at least since the JPTO was filed over nine months ago; thus, the concerns of 'sandbagging' and 'trial by ambush' clearly are not present here."). Further, Plaintiff acknowledges he has been in possession of Dr. Weissberg's IME report since at least December 2020, Pl. Opp. at 8;

*but see* Zwilling Decl. ¶ 33, which is more than enough time to familiarize himself with its conclusions.

Plaintiff argues prejudice arises from the "significant financial costs" imposed by Defendants' amendment, including those related to "preparing for and taking expert depositions" and "finding and hiring rebuttal experts." Pl. Opp. at 11–12. The Court recognizes these challenges, but they do not tip the balance of this first factor. *Cf. Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *5 (E.D.N.Y. Nov. 13, 2008) (Levy, Mag. J.) ("The only possible prejudice to defendant would be the cost and delay required to depose an additional expert witness, but such prejudice would not outweigh the other factors.").

Relatedly, Plaintiff has had, and will have, plenty of opportunity to "cure the prejudice" without "disruption of the orderly and efficient trial of the case," which are the second and third factors. The pandemic has unfortunately delayed trial in several matters, civil and criminal alike, such that the Court cannot reliably offer a trial date. Administrative Order 2021-4-1 (E.D.N.Y. Mar. 20, 2021) ("Scheduling priority will be given to criminal trials with in-custody defendants to the greatest extent possible . . . ."). The intervening months will allow Plaintiff to depose Dr. Weissberg and retain rebuttal witnesses, should he choose to do so. *Maehr v. NRG Home Solar*, 2019 WL 1559423, at *7 (E.D.N.Y. Apr. 10, 2019) (holding "because the Defendant may depose the witnesses at issue prior to trial, any remaining prejudice to the Defendant is minimal" and citing cases); *Giannone v. Deutsche Bank Sec., Inc.*, 2005 WL 3577134, at *2 (S.D.N.Y. Dec. 30, 2005) ("In [granting leave to amend the pretrial

order], this Court notes that there is ample time before trial for Giannone to cure any minimal prejudice that may inure to her as a result of such an amendment.").

As to the final factor, the Court finds that Defendants did not act in "bad faith" or "willful[ly]." Defendants justifiably relied on Plaintiff's non-responses to their inquiries, coupled with the absence of Plaintiff's surgeon and his medical records on the first version of the JPTO, as an indication that Plaintiff chose not to pursue a permanent injury claim – even if Plaintiff's inaction there was inadvertent. *See* Zwilling Decl. ¶¶ 18–21.

In "balancing the need for doing justice on the merits between the parties . . . against the need for maintaining orderly and efficient procedural arrangements," the Court will allow Defendants to amend the JPTO to add Dr. Weissberg, similar to how it allowed Plaintiff to add his treating doctors. *Laguna v. Am. Exp. Isbrandtsen Lines, Inc.*, 439 F.2d 97, 101 (2d Cir. 1971) (internal quotation marks omitted).

## CONCLUSION

For the reasons discussed above, Defendants' motion to amend the JPTO is GRANTED. The parties are encouraged to meet and confer regarding any request to depose Dr. Weissberg, to retain rebuttal expert witnesses, and to depose the rebuttal expert witnesses. While no trial date is set, the Court expresses its preference that the parties conduct these tasks as efficiently as possible, so as not to incur delay once a trial date is finalized.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
     April 23, 2021                        Denis R. Hurley
                                             United States District Judge